## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

**JACOB BAILEY**,
Stanley Correctional Institution,
134 Green Bay St.,
Shawano, WI 54166,

Case No: 17-cv-943

Plaintiff,

v.

**JOHN WIENANDT**; **BRUCE SUNDE**;
**JAMES JOHNSON; NATASHA CORNELEUS;**
**GREG PEHLKE; MARY JO CHIZEK**; **KARRI GORTON**;
and
**LINCOLN HILLS SCHOOL FOR BOYS**,
W4380 Copper Lake Ave.,
Irma, Wisconsin 54442,
and
**WISCONSIN DEPARTMENT OF CORRECTIONS**,
3099 E. Washington Ave.,
Madison, Wisconsin 53707,
and
**WISCONSIN DEPARTMENT OF CORRECTIONS -**
**DIVISION OF JUVENILE CORRECTIONS**,
3099 E. Washington Ave.,
Madison, Wisconsin 53708,

Defendants.

## COMPLAINT

NOW COMES the above named Plaintiff, Jacob Bailey, by his attorneys, **JUDGE LANG &**

**KATERS, LLC, AND GENDE LAW OFFICES, S.C.** and as for his claims for relief against the above

named Defendants, allege and show the Court as follows:

## I.    INTRODUCTION

1.    That this case involves the Wisconsin Department of Corrections ("WDC"), and the

Lincoln Hills School for Boys/Copper Lake School for Girls ("LHSB"), along with the individually

named Defendants' methods of infringing on and violating the Constitutional, Civil, and Statutory rights of Plaintiff Jacob Bailey ("Bailey") causing Bailey to suffer substantial injuries. Bailey was subjected to unconstitutional physical abuse which involved the wanton and unnecessary infliction of pain, mental anguish and his substantial injuries. Bailey, a juvenile male, was formerly housed at LHSB, a division of Juvenile Department of Corrections in Irma, Wisconsin. That on or about March 12, 2014, Bailey while in his cell at the above named facility, was treated with deliberate indifference by staff in their attempt to control and provide care for said juvenile. That his arm was broken and he was sexually assaulted and treated in a wanton and malicious fashion, including strip searched and all his clothes and furnishings were removed for an indefinite time period, which violates the rule of care for a juvenile in a correctional treatment facility which were in a reckless disregard and with deliberate indifference to the rights of Bailey.

2.     That prison guards responded to the Bailey cell and with deliberate indifference broke bailey's left arm/wrist, sexually assaulted him by strip search and battered Bailey to an extent that he was placed in a corner naked with no clothes for several hours and no furnishings in his cell, all which violated his rights and was done in a reckless disregard and with deliberate indifference to the rights of Bailey.

3.     Bailey brings this corrective action pursuant to Title 42 of the United States Code, Sections 1983 & 1985 for violations of Bailey's Eighth and Fourteenth Amendment rights under the United States Constitution.

## II.     JURISDICTION

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this corrective action arises under the Constitution and Laws of the United States, and pursuant to 28 U.S.C. § 1343(a)(3) because this corrective action seeks to redress the deprivation, under color of state law, of Bailey's civil rights.

5.      That this Court has supplemental jurisdiction over all state law claims which arise out of the same facts common to Bailey's federal claims pursuant to 28 U.S.C. § 1367.

6.      That the amount in controversy exceeds Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interests, and attorneys' fees.

### III.     VENUE

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because most Defendants reside in this district and because a substantial part of the events and omissions giving rise to Bailey's claims occurred in the district.

### IV.     THE PARTIES

8.      The Plaintiff, Jacob Bailey, is an adult citizen of the United States and a resident of the State of Wisconsin.  At all times material hereto, Bailey was a juvenile inmate residing at the Lincoln Hills School for Boys in Lincoln County, City of Irma, and entitled to all rights, privileges and immunities accorded all residents of Lincoln County and the State of Wisconsin, and as a citizen of the United States.

9.      Defendant John Wienandt ("Wienandt") is an adult citizen of the United States and a resident of the State of Wisconsin.  At all material times hereto, Defendant Wienandt was employed by LHSB and was responsible for the safe, secure and humane treatment of LHSB inmates including Bailey.   At all times material hereto, Defendant Wienandt was acting under color of state law, within the scope of his employment and authority.

10.     Defendant Bruce Sunde ("Sunde") is an adult citizen of the United States and a resident of the State of Wisconsin, who at all times material hereto, was employed as the Security Director by LHSB, and as such was responsible for the safe, secure and humane treatment of LHSB inmates including Bailey.  At all times material hereto, Defendant Sunde was acting under color of state law, within the scope of his employment and authority.

11.     Defendant James Johnson ("Johnson") is an adult citizen of the United States and a resident of the State of Wisconsin, and at all times material hereto, was employed by LHSB, and as such was responsible for safe, secure and humane treatment of LHSB inmates including Bailey.  At all times material hereto, Defendant Johnson was acting under color of state law, within the scope of his employment and authority.

12.     Defendant Natasha Corneleus ("Corneleus") is an adult citizen of the United States and a resident of the State of Wisconsin, and at all times material hereto, was employed by LHSB, and as such was responsible for the safe, secure and humane treatment of LHSB inmates including Bailey.  At all times material hereto, Defendant Corneleus was acting under color of state law, within the scope of her employment and authority.

13.     Defendant Greg Pehlke ("Pehlke") is an adult citizen of the United States and a resident of the State of Wisconsin, and at all times material hereto, was employed as a counselor of youth by LHSB, and as such was responsible for the safe, secure and humane treatment of LHSB inmates including Bailey.  At all times material hereto, Defendant Pehlke was acting under color of state law, within the scope of his employment and authority.

14.     Defendant Mary Jo Chizek ("Chizek") is an adult citizen of the United States and a resident of the State of Wisconsin, and at all times material hereto, was employed by LHSB, and as such was responsible for the safe, secure and humane treatment of LHSB inmates including Bailey. At all times material hereto, Defendant Chizek was acting under color of state law, within the scope of her employment and authority.

15.     Defendant Karri Gorton ("Gorton") is an adult citizen of the United States and a resident of the State of Wisconsin, and at all times material hereto, was employed by LHSB, and as such was responsible for the safe, secure humane treatment of LHSB inmates including Bailey. At all

times material hereto, Defendant Gorton was acting under color of state law, within the scope of her employment and authority.

16.     Defendant Lincoln Hills School for Boys/Copper Lake School for Girls, is a correctional institution for juveniles in the State of Wisconsin under the WDC, and at all times material hereto was responsible for the safe, secure and humane treatment of it inmates and youth who were housed in this correctional facility and had policy and procedures in place for their employees including all the aforementioned Defendants who were responsible for the humane care and treatment of Bailey.

17.     State of Wisconsin Department of Corrections, Division of Juvenile Corrections is responsible for the control over LHSB and their care and control over their inmates and youth and are responsible for the safe, secure and humane treatment of Bailey and had policies and procedures and control over the management and operations of LHSB including guards, nursing staff, psychological staff, social workers and professional counselors who were responsible for the humane care and treatment of Bailey.

18.     All of the Defendants are sued in their individual and official capacities.  At all relevant times, all Defendants were acting under the color of state law; pursuant to their authority as officials, agents, contractors or employees of the State of Wisconsin; within the scope of their employment as representatives of public entities, as defined in 42 U.S.C. §12131(1), and were deliberately indifferent to the Constitutional and Statutory rights of Bailey.

## V.     FACTS

19.     Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

20.     That at all material times hereto, Bailey was a juvenile with mental health issues and was on various medications while at LHSB.

21.     That on or about March 12, 2014, Bailey was placed in the Roosevelt Living unit at LHSB. Bailey was not on his ADHD medication at the time of the incident.

22.     That Bailey in the P.M. hours of March 12, 2014, was banging on his cell door with his feet and hands. That it was reported he was also covering the camera in his cell with toilet paper. That supposedly he had a screw in possession also at this time.

23.     That Bailey was told by the guards to stop pounding on his door and Defendant Johnson came to his room and told Bailey he better get some ice for wounds that he is about to receive.

24.     That Defendants Johnson and Wienandt, and others entered Bailey's cell, with Johnson and Wienandt being the main actors, and told Bailey to go to the corner of his cell. That Johnson and Wienandt were instructed by Defendant Cornelius to enter the room and Defendant Cornelius was also present at the time. That Defendant Chizek was stationed outside of the cell while Johnson and Wienandt entered.

25.     That Defendants Johnson and Wienandt forced the 16 year old Bailey into the corner of his cell and forced him onto his hands and knees. Defendants told Bailey to say he was sorry for covering the camera. That Defendants also told Bailey they were going to knock out his teeth. That Defendant Chizek was stationed outside of the cell and could hear and/or observed Johnson and Wienandt's actions.

26.     That Defendants Johnson and Wienandt got on top of Bailey while he was on his knees and twisted both his arms behind his back. This continued for several minutes by the Defendants. That Bailey began to cry due to the pain and pressure put on him by the Defendants. Defendants called Bailey a little bitch and told him to stop crying. The Defendants after several minutes of this inhumane, wanton and unnecessary infliction of pain and mental anguish then forced Bailey to remove all his clothes.

- 6 -

27.     That after Bailey's clothes were removed by Defendants, Defendant Pehlke, a counselor of the youth entered the cell and performed a strip search of Bailey looking for a screw. The strip search was again inhumane and a wanton and unnecessary infliction of pain and mental anguish to Bailey.

28.     No screw was found in Bailey's possession or recovered from his cell.

29.     That after the strip search of Bailey by Defendants, Bailey was then forced to sit in the corner of his cell with no belongings, bedding, or clothes for hours. The log of LHSB indicated the incident allegedly occurred around 7:10pm. That Bailey's socks were returned at 8:30pm. That Bailey did not receive pants until 10:30pm. That Bailey did not receive his shirt back until 11:30pm. That Bailey remained in his cell without blankets until 12:30pm on March 13, 2014. This wanton conduct was inhumane and unnecessarily inflicted pain and mental anguish on Bailey. Defendant Gorton reviewed Bailey's post-incident behavior and controlled when he would receive his belongings back.

30.     That Bailey asked for medical assistance for his arm but did not even receive ice for his injury. On March 21, 2014, over a week later, Bailey was eventually taken to the Bone and Joint Center in Merrill, Wisconsin where it was determined that Bailey's left wrist/arm was fractured. Bailey's left arm was placed in a cast at the hospital. The Bailey suffered permanent injury to his left arm/wrist which he has had pain, suffering, medical bills, future medical bills, permanent physical and mental injury.

31.     That Defendants failed to provide humane care to Bailey, instead acted intentionally in reckless disregard and were deliberately indifferent to Bailey's constitutional rights. The care provided was unreasonably inadequate, was child abuse and in violation of their standard operating procedure which was the substantial cause of Bailey's injuries both emotional and physical.

**VIOLATIONS OF LAW**

- 7 -

### VI.   42 U.S.C. § 1983 Violation of the Eighth and Fourteenth Amendment (Excessive Force Claim Against Defendants Johnson and Wienandt)

32.     Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

33.     Defendants Johnson and Wienandt personally committed, assisted, and engaged in excessive force against Bailey when they entered his cell, forced the 5'2", 130 pound 16 year old Bailey into the corner on his hands and knees, verbally threatened him, forced his hand behind his back and broke his left arm.

34.     Defendants Jonson and Wienandt used the unnecessary force in bad faith, maliciously, and sadistically for the purpose of causing injury to Bailey.

35.     At all times material hereto, Defendants Johnson and Wienandt were acting under color of state law, within the scope of their employment and authority.

### VII.   42 U.S.C. § 1983 Violation of the Eighth and Fourteenth Amendment (Sexual Assault by Strip Search - Against Defendants Pehlke, Johnson and Wienandt)

36.     Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

37.     Defendants Pehlke, Johnson and Wienandt personally committed, assisted and engaged, and failed to intervene to prevent unreasonable searches, seizures, and invasions of privacy against Bailey when Defendants removed Bailey's clothes until he was fully naked and performed an unnecessary, humiliating strip search of Bailey.

38.     These actions of Defendants perpetrated against a minor were unnecessary, unreasonable and were in violation of Bailey's constitutional rights.

39.     At all times material hereto, Defendants Pehlke, Johnson and Wienandt were acting under color of state law, within the scope of their employment and authority.

VIII.    **Unconstitutional Inadequate Care and Medical Treatment in Violation of the Eight and Fourteenth Amendments to the United States Constitution (Against All Defendants)**

40.    Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

41.    That Defendants' deliberate indifference to Bailey's health and safety, and failure to provide any medical care for the Bailey's arm, which they broke, was a substantial cause of Bailey's avoidable pain and emotional suffering.

42.    That Defendants' policies, practices, procedures, customs, acts, and/or omissions placed Bailey at an unreasonable, continuing and foreseeable risk of causing physical pain and suffering permeant injury and sever emotional stress to Bailey.

43.    That as a proximate result of Defendants' unconstitutional policies, practices, procedures, customs, acts, and/or omissions, Bailey unnecessarily suffered physical, psychological, and emotional injury.

44.    That the conduct of Defendants was intentional, reckless and demonstrates a deliberate indifference to the consequences of their unnecessary force used on a minor and their refusal to provided Bailey with immediate medical care.

45.    That the conduct of each Defendant, individually and/or as employees and/or agents of the WDC and LHSB was committed while acting under color of state law, depriving Bailey of his clearly established rights, privileges, and immunities, in violation of inter alia, the Eighth and Fourteenth Amendments of the United States Constitution, and of 42 U.S.C. § 1983.

46.    That Defendants deprived Bailey of those rights, privileges and immunities secured by the United States Constitution and federal laws, while acting under the color of the laws of the State of Wisconsin, and rules, regulations, customs and usages of the State of Wisconsin in violation of 42 U.S.C. § 1983.

47. That the actions and omissions of all Defendants under the Eighth and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. § 1983, were all performed under the color of state law and were unreasonable and performed knowingly, intentionally, maliciously, and with deliberate indifference to Bailey's safety, well-being, medical needs; with wanton intent for Bailey to suffer an unnecessary intentional infliction of pain and suffering by applying unnecessary force, failing to properly provide timely medical treatment, and failing to properly instruct, train, and supervise staff at LHSB, including having responsibility over the care, supervision, and general welfare of Bailey; and the failure to develop and implement appropriate policies and procedures and to ensure proper instruction, training, supervision, and medical care, as well as the implementation, adoption, and/or tolerance of policies and/or procedures which injured Bailey both physically and emotionally, and further deprived him of timely medical attention for his medical needs as described above.  Said policies and/or procedures comprise a deliberate indifference to the injuries sustained by Bailey, by reason of which Bailey is entitled to compensatory and/or punitive damages.

## VII. DAMAGES

48. That as a direct and proximate result of the deliberate, willful, wanton, and reckless violation of Bailey's Constitutional Rights, Bailey suffered injuries and damages including, but not limited to the following:

      a.   Emotional distress, psychological distress, and mental anguish;
      b.   Physical pain and suffering;
      c.   Permanent physical and mental injury;
      d.   Fright and shock;
      e.   Embarrassment, humiliation, and mortification,
      f.   Reasonable expenses of necessary medical care, treatment and services;
      g.   Constitutional violations;
      h.   Punitive damages for Defendants' willful conduct; and,
      i.   Any and all other damages, including, but not limited to attorney fees recoverable under 42 U.S.C. §§ 1983 and 1988.

## VIII.   CONDITIONS PRECEDENT

49.     Plaintiff realleges and incorporates herein by reference the allegations of the preceding paragraphs.

50.     All conditions precedent to this lawsuit within the meaning of Rule 9(c) of the Federal Rules of Civil Procedure have been performed or have otherwise occurred.

## XII.     PRAYER FOR RELIEF

51.     WHEREFORE, the Plaintiff respectfully demands judgment in favor of Plaintiff against each of the Defendants, jointly and severally, awarding Plaintiff:

      a.   Compensatory non-economic damages in excess of $75,000.00, including but not limited to, all damages recoverable under the United States Constitution and/or 42 U.S.C. § 1983;

      b.   Punitive damages;

      c.   Reasonable attorney fees, costs, and interest pursuant to 42 U.S.C. § 1988 and;

      d.   Such other and further relief as this Court deems reasonable under the circumstances.

52.     Plaintiff hereby reserves his right to amend his complaint as additional information becomes known through discovery.

## XIII.   DEMAND FOR JURY TRIAL

53.     The Plaintiff demands trial by jury.

Dated on this 20th day of December, 2017.

Respectfully Submitted,
Judge, Lang & Katers, LLC

By: _s/ David J. Lang_____
    David J. Lang (SBN: 1001218)

By: _s/ Christopher P. Katers_____
    Christopher P. Katers (SBN: 1067557)
    Kevin G. Raasch (SBN: 1100196)
    JUDGE LANG & KATERS, LLC.
    8112 W. Bluemound Road, Ste. 101
    Wauwatosa, WI 53213
    P: (414) 777-0778
    F: (414) 777-0776
    ckaters@jlk-law.com
    dlang@jlk-law.com
    kraasch@jlk-law.com_
    Attorneys for Plaintiff

       --and--

    Gende Law Office, S.C.
By: _s/ James J. Gende II_____
    James J. Gende II (SBN:
    N28W23000 Roundy Dr., Ste. 200
    Pewaukee, WI 53072
    P: 262-970-8500
    F: 262-970-7100
    JGende@jamesgendelaw.com
    Attorneys for Plaintiff