IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACOB BAILEY,

                Plaintiff,

v.

JOHN WIENANDT, JAMES JOHNSON,
NATASHA CORNELEUS, GREG PEHLKE,
MARY JO CHIZEK and KARRI GORTON,

                Defendants.

OPINION AND ORDER

17-cv-943-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Jacob Bailey, represented by counsel, is proceeding in this case on claims that staff at the Lincoln Hills School for Boys in Irma, Wisconsin, violated his constitutional rights by using excessive force against him, subjecting him to an unnecessary strip search and failing to provide him adequate medical treatment after breaking his arm. Now before the court is the motion of defendants John Wienandt and James Johnson to stay proceedings and discovery pending the completion of a purported criminal investigation against them relating to the incidents at issue in this case. Dkt. #10. For the reasons below, I will deny the motion.

OPINION

A court has the inherent power to stay civil cases before it when necessary to "control the disposition of the causes on its docket with economy of time and effort for itself, for

1

counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254–55 (1936). A stay may be appropriate in "special circumstances" when there is a need to avoid "substantial and irreparable prejudice." United States v. Certain Real Property, Commonly Known as 6250 Ledge Road, Egg Harbor, Wisconsin, 943 F.2d 721, 729 (7th Cir. 1991). The interest of justice may favor a stay when a defendant in a civil suit is also a defendant in parallel criminal proceedings; the pendency of a parallel criminal action may force the defendant to choose between preserving a privilege against self-incrimination and losing the civil suit. Id. See also CMB Export, LLC v. Atteberry, No. 4:13CV04051SLDJEH, 2014 WL 4099721, at *2 (C.D. Ill. Aug. 20, 2014). However, the fact that a party to civil litigation is faced with this sort of choice does not automatically entitle him to a stay of the civil case. Certain Real Property, 943 F.2d at 729; Chagolla v. City of Chicago, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008). Instead, courts consider the interests of the plaintiff, defendants and the public, and evaluate a number of factors, including: whether the civil and criminal matters involve the same subject; whether the governmental entity that has initiated the criminal case or investigation is also a party in the civil case; the posture of the criminal proceeding; the effect on the public interest of granting or denying a stay; the interest of the civil-case plaintiff in proceeding expeditiously, and the potential prejudice the plaintiff may suffer from a delay; and the burden that any particular aspect of the civil case may impose on defendants if a stay is denied. See, e.g., Chagolla, 529 F. Supp. 2d at 945; CMB Export, 2014 WL 4099721, at *3; In re Garcia, 569 B.R. 480, 487 (Bankr. N.D. Ill. 2017).

Applying these factors to this case, I conclude that defendants have not shown that a stay is warranted. Nken v. Holder, 556 U.S. 418, 433-34 (2009) ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.") First, defendants' assertions that they are facing a potential parallel criminal proceeding are vague and supported entirely by the hearsay statement of defendants' counsel. Dkt. #12. Samuel Hall, Jr., one of the lawyers representing defendants, states in his declaration that he was advised by criminal defense counsel that defendants Wienandt and Johnson are the subjects/targets of a federal criminal investigation related to the same incidents alleged to have occurred in this civil lawsuit." Id. ¶ 3. However, Hall provides no further information beyond the statement in his declaration, such as whether an indictment is likely, what specific charges will be filed and against whom, and when those charges may be filed. Without such information, defendants' assertion that they may be forced to choose between preserving their privilege against self-incrimination and losing this civil suit is entirely speculative. Additionally, because no criminal proceeding is actually pending against defendants, it would be impossible to estimate how long this case would have to be stayed. Such circumstances weigh heavily against staying this case. CMB Export, 2014 WL 4099721, at *4 ("A stay is disfavored where defendants are under the mere threat of criminal charges.").

Additionally, plaintiff and the public have a strong interest in prompt disposition of civil litigation. In some cases, a parallel civil proceeding could interfere with the criminal process. Here, however, "where criminal proceedings are a mere possibility, the public

interest is best served by preserving the interest that is actually implicated over the speculative one." Id.

Finally, defendants' assertions of potential prejudice are too vague to justify a stay. Defendants say they would "likely assert their Fifth Amendment rights in this civil proceeding out of an abundance of caution." Dkt. #11 at 6. However, such an argument could be made in nearly every case involving an excessive force claim that has been reported to law enforcement. To show a real threat of prejudice, defendants would have to make a much more specific argument about the criminal investigation, and would have to explain why they cannot participate in this case while "selectively invoking their right against self-incrimination to specific questions during discovery as necessary." CMB Export, 2014 WL 4099721, at *4. Because defendants have not done so, they have not shown that a stay is warranted.

ORDER

IT IS ORDERED that the motion for stay filed by defendants John Wienandt and James Johnson, dkt. #10, is DENIED.

Entered this 5th day of April, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge