IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACOB BAILEY,

                                                                          OPINION AND ORDER

                Plaintiff,

                                                                          17-cv-943-bbc

      v.

JOHN WIENANDT, JAMES JOHNSON,
NATASHA CORNELEUS, GREG PEHLKE,
MARY JO CHIZEK and KARRI GORTON,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Jacob Bailey is proceeding in this case on claims that staff at the Lincoln Hills School for Boys in Irma, Wisconsin, violated his constitutional rights by using excessive force against him, subjecting him to an unnecessary strip search and failing to provide him adequate medical treatment after breaking his arm. He is represented by counsel. Now before the court is defendants' motion for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies before filing suit. Dkt. #33. For the reasons set out below, I am denying the motion.

OPINION

      Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of the exhaustion requirement is to give the prison administrators a fair opportunity to resolve the grievance without litigation. Woodford v.

1

Ngo, 548 U.S. 81, 88–89 (2006). To satisfy § 1997e(a), a prisoner must complete each step in the administrative process "in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). If a prisoner fails to exhaust his administrative remedies before filing his lawsuit, the court must dismiss the case, Perez v. Wisconsin Department of Corrections, 182 F.3d 532, 535 (7th Cir. 1999), but the defendants have the burden to prove that the prisoner did not exhaust his administrative remedies. Jones v. Bock, 549 U.S. 199 (2007).

The Prison Litigation Reform Act's exhaustion requirements apply to all "prisoner[s] confined in any jail, prison, or other correctional facility." 42 U.S.C. 1997e(a). Under the Act, "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). Defendants contend that the Act's exhaustion requirements applied to plaintiff during the time he was incarcerated at Lincoln Hills because he qualified as a "prisoner" under the terms of the Act. Plaintiff has not argued that he was exempt from the exhaustion requirements, so I will assume that he was a "prisoner" subject to the requirements of § 1997e(a).

Plaintiff's claims arise out of an incident that occurred in March 2014 while he was incarcerated at Lincoln Hills. He alleges that defendant Cornelius ordered defendants Johnson, Wiendandt and others to enter plaintiff's cell to perform a search. After Johnson and Wienandt entered the cell, they allegedly forced plaintiff onto his hands and knees, told

him they were going to knock out his teeth and ordered him to apologize for covering his cell camera with toilet paper. Plaintiff alleges that Johnson and Wienandt then climbed on top of plaintiff and twisted both of his arms behind his back, breaking his left wrist and arm. Plaintiff was then stripped and left in his cell for several hours with no belongings, bedding or clothes. More than a week later, on March 21, 2014, plaintiff was taken to the hospital for treatment of his wrist and arm fractures.

Plaintiff received a conduct report after the incident. Dkt. #49-3. On March 17, 2014, plaintiff complained to his youth counselor about the incident. The youth counselor reported the incident to Lincoln Hills' security director, who agreed to perform an institutional investigation. The youth counselor later reported the incident to Lincoln County Social Services as a case of possible child abuse. On March 18, 2014, plaintiff completed a "disciplinary investigation statement" form detailing the incident, as part of the investigation into his conduct report. Dkt. #49-4. Plaintiff was ultimately found guilty of several rule violations. Dkt. #55-3.

Defendants argue that plaintiff failed to exhaust his administrative remedies because he failed to use Lincoln Hills' grievance procedure or otherwise formally grieve any of the incidents that are the subject of this action. Wisconsin has codified procedures for youth inmate complaints in Wisconsin Administrative Code ch. 380. Additionally, defendants state that Lincoln Hills has adopted an inmate complaint policy to implement the provisions of ch. 380. Defendants submitted a declaration from Matthew Bores, who worked as the institution complaint examiner and litigation coordinator at Lincoln Hills from April 2016

to July 2018, which is after the time period in which plaintiff was incarcerated there. Attached to Bores' declaration is the Lincoln Hills Policy 7.02, "Youth Complaint and Appeal Process," which Bores states was in effect during plaintiff's incarceration at Lincoln Hills. Dkt. #35, ¶ 4.

Under Policy 7.02, youth inmates begin the grievance process by discussing their complaint with a social worker or youth counselor. Dkt. #35-1. If the issue is not resolved, the youth may file a youth complaint form with either a complaint mediator and supervising youth counselor or the superintendent, depending on the subject of the complaint. Id. The superintendent then issues a written decision on the complaint, which the youth may appeal. Id. In his declaration, Bores states that he searched plaintiff's incarceration file, the Department of Corrections' inmate complaint spreadsheets and annual reports, but did not find any youth complaint filed by plaintiff related to the incidents at issue in this lawsuit. Dkt. #35, ¶¶ 15-16.

Defendants argue that because plaintiff failed to follow the grievance policy set forth in Policy 7.02, he failed to exhaust his administrative remedies. Plaintiff counters with arguments regarding whether Bores' declaration is sufficient to establish that Policy 7.02 was in effect in March 2014 or that plaintiff failed to comply with it. However, Bores' position as the inmate complaint examiner and litigation coordinator qualifies him to certify that the records he submitted are accurate, and plaintiff has pointed to no evidence to undermine his sworn testimony. Plaintiff also argues that Policy 7.02 was optional, rather than mandatory, but that argument is not persuasive either. State law determines the administrative remedies

4

that a state prisoner must exhaust for purposes of the Prison Litigation Reform Act, Pyles v. Nwaobasi, 829 F.3d 860, 864 (7th Cir. 2016), and "the Supreme Court has rejected any suggestion that prisoners are permitted to pick and choose how to present their concerns to prison officials."  Pavey v. Conley, 663 F.3d 899, 905–06 (7th Cir. 2011).

That being said, defendants' arguments about exhaustion fail for other reasons. Prisoners are required to exhaust only those grievance procedures that are "available" to them.  King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).  "When administrative procedures are clearly laid out . . . an inmate must comply with them in order to exhaust his remedies."  Pavey, 663 F.3d at 905.  However, "[p]risoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about." King, 781 F.3d at 896; White v. Bukowski, 800 F.3d 392, 397 (7th Cir. 2015) (same).  See also Ramirez v. Young, –F.3d–, 2018 WL 4870025, at *3 (7th Cir. Oct. 9, 2018) ("[R]emedies are available only if a prisoner has been notified of their existence.").  Although defendants have submitted evidence showing that an inmate complaint process was in place during the time plaintiff was incarcerated at Lincoln Hills, they have failed to submit any evidence establishing that plaintiff was even aware of Policy 7.02 or Wisconsin Administrative Code ch. 380 in March 2014.  Defendants suggest in their briefs that plaintiff knew about the policy, dkt. #53 at 3, but they cite no actual evidence establishing that he was told about the grievance policy when he entered Lincoln Hills, that he was provided an inmate handbook that described the grievance procedures or that he had access to youth complaint forms in March 2014.

5

Additionally, "existing remedial processes are available only if communicated in a way reasonably likely to be understood." Ramirez, –F.3d–, 2018 WL 4870025, at *3 (administrative remedies not available where they were described to prisoner by prison officials only in language he could not understand). "Before dismissing a prisoner's complaint for failure to exhaust, the district court should be able to point to evidence that the relevant administrative procedures were explained 'in terms intelligible to lay persons.'" Id. (citation omitted). "That analysis must also account for individual capabilities." Id. (citing Weiss v. Barribeau, 853 F.3d 873, 875 (7th Cir. 2017) (excusing failure to exhaust where defendants failed to show that existing procedures could be used by prisoner suffering from mental illness)).

In this instance, defendants have cited no evidence establishing that "the relevant administrative procedures were explained 'in terms intelligible to lay persons,'" particularly taking into consideration plaintiff's age (14 years old) and circumstances after the incidents in question. According to plaintiff, he believed he had complied with any grievance policy by complaining to his youth counselor, submitting a disciplinary investigation statement and meeting with the Lincoln County Department of Social Services after the incident. Plt.'s Aff., dkt. #47, ¶¶ 2, 5. He states that after meeting with social services, he was told the police would be notified and he was not "asked or director to fill out additional forms regarding the incident." Id. ¶ 6. Plaintiff's belief that his communications were sufficient to satisfy any grievance requirements appear reasonable under the circumstances.

Defendants argue that plaintiff's subjective but false belief that his actions were

sufficient to satisfy Lincoln Hills' grievance procedures should not excuse his failure to comply. However, this is true only to a point. A prisoner's subjective ignorance about grievance procedures does not excuse a prisoner's failure to exhaust "so long as the prison has taken reasonable steps to inform the inmates about the required procedures." Ramirez, –F.3d–, 2018 WL 4870025, at *6. In this case, however, defendants have cited no evidence showing that they took any reasonable steps to inform plaintiff of the grievance procedures.

Further, defendants provide little explanation as to why plaintiff was asked to complete the disciplinary investigation form, beyond stating that it was part of the investigation into the conduct report issued against him. However, if plaintiff was asked to describe what happened to him as part of the disciplinary process, plaintiff could have reasonably believed that any complaints he had would be addressed through the disciplinary process. Wis. Admin. Code DOC § 380.02(1)(a) ("[A] youth may not use the complaint procedure for complaints about . . . [f]actual disputes or decisions in the disciplinary process. . . except that the complaint procedure may be used to challenge procedural errors. . . .").

In sum, "it is not plaintiff's burden to establish that the grievance process was unavailable. . . It is defendants' burden to show that plaintiff did not exhaust available remedies." Davis v. Mason, 881 F.3d 982, 985 (7th Cir. 2018). Because defendants have failed to show that any administrative remedies were available to plaintiff, their motion for summary judgment will be denied.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Mary Jo Chizek, Natasha Corneleus, Karri Gorton, James Johnson, Greg Pehlke and John Wienandt, dkt. #33, is DENIED.

Entered this 30th day of October, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge